J-A32008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT E. GARDNER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| I.C. SYSTEM, INC. | |
| Appellee | No. 2468 EDA 2013 |

Appeal from the Order Entered August 5, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No. 11-18837

BEFORE:  PANELLA, J., OLSON, J., FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 09, 2015**

Appellant, Robert E Gardner, appeals from the order granting summary judgment in favor of Appellee, I.C. System, Inc.  We affirm.

Appellee is a debt collector that attempted to collect a debt obligation from Appellant on behalf of Bank of America by making telephone calls to his residence.  On July 12, 2011, Appellant filed the following Complaint in the Court of Common Pleas.  We quote it in its *entirety*:

> 1. The plaintiff resides at the above address.
>
> 2. The defendant has offices at the above address.
>
> 3. In an effort to collected [sic] an alleged debt the defendant violated the following laws:

---

[*] Former Justice specially assigned to the Superior Court.

a. Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S. Section 201-1 et seq. ["CPL"].
b. Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. Section 227.01 et seq. ["FCEUA"].

4. As a result of the defendant's conduct the plaintiff suffered damages that may be recovered under the above stated laws.

**WHEREFORE**, the plaintiff requests judgment, attorney's fees and costs in an amount not in excess of twenty thousand ($20,000) dollars.

The Complaint contained no supporting facts or allegations, and did not specify which provisions of the cited statutes had been allegedly violated. Appellee filed an answer and new matter denying that it had violated the cited statutes. Appellant responded to the new matter with general denials and a repeated summary allegation that Appellee had "engaged in a *per se* violation." Plaintiff's Reply to New Matter, dated 9/12/2011.

During the discovery period, Appellant objected to Appellee's interrogatories, requests for production of documents, and requests for admissions by stating that each discovery request was "irrelevant and harassment" because Appellee had "engaged in a *per se* violation." Plaintiff's Objection to the Defendant's Requests for Production of Documents, dated 9/26/11; Plaintiff's Objection to the Defendant's Request for Admissions, dated 9/26/11; and Plaintiff's Objection to the Defendant's Interrogatories, dated 9/26/11. Appellee filed a motion to compel discovery responses, which the trial court granted. Appellant responded to the

discovery requests by stating that Appellee had violated the CPL and the FCEUA by calling him "thirty five to forty times," and stated that his damages from Appellee's unanswered phone calls were "stress, anxiety, Not pick up phone [sic]" Plaintiff's Answer to Interrogatories, dated 4/5/12. He admitted that he had failed to pay the balance due on his Bank of America credit card; that he had not actually spoken to Appellee by telephone; and that he had not incurred any ascertainable loss of money as a result of Appellee's conduct. **See** Plaintiff's Answers to Request for Admissions, dated 4/5/12. In response to Appellee's request for production of documents, Appellant submitted copies of notices received from several debt collectors other than Appellee, and provided a copy of a monthly statement from Bank of America showing his outstanding credit card balance as of June 2009.

Appellee filed a motion for summary judgment. Appellant responded with an Answer to the Motion, in which he stated that Appellee had contacted him personally despite Appellant's having sent notice that he was represented by counsel. After oral argument, the trial court granted summary judgment in favor of Appellee.

Appellant timely appealed to this Court, raising the following issues:

    A. Is a *per se* violation actionable?

    B. Must there be actual damages to proceed with a *per se* violation?

    C. May a jury determine the damaged [*sic*] in a *per se* violation?

Appellant's Brief at 3.

In a *one-and-a-half page argument*,[1] Appellant avers that because Appellee ignored his "warn[ing] to cease all contact with" Appellant, Appellee committed a "*per se*" violation of the FCEUA. Appellant's Brief at 5, citing 73 P.S. § 2270. In support, he cites to Exhibits "A" and "B." However, there are no exhibits annexed to his brief and there are no citations to the reproduced record indicating where those exhibits might otherwise be found. Appellant fails to cite case law or other authority to support his argument, and provides no analysis which would enable this Court to provide meaningful review of the issues raised.[2]

Appellant has utterly failed to comply with the Pa.R.A.P. 2119. We thus conclude his argument on appeal is waived. ***See***, ***e.g.***, ***Coulter v. Ramsden***, 94 A.3d 1080, 1088-89 (Pa. Super. 2014), ***appeal denied***, 403 WAL 2014 (Pa. filed Dec. 10, 2014) (observing that Pa.R.A.P. 2119 requires that argument be developed for each issue raised with citation to authority in support of each contention, and appellate arguments which fail to adhere to Rule 2119 may be considered waived).

_____

[1] John J. O'Brien, III, Esquire, has represented Appellant throughout this litigation.

[2] In fact, Appellant's "argument" section of his brief is identical to both his Pa.R.A.P. 1925(b) statement and his Memorandum of Law filed in opposition to Appellee's summary judgment motion.

Even without our waiver determination, we would affirm the trial court's order. Our review of the record reveals that, like his appellate brief, Appellant's pleadings and his responses to pleadings and discovery requests were also procedurally and substantively inadequate. Accordingly, we would have found that the trial court properly granted summary judgment to Appellee.

The standards pertaining to summary judgment are well-settled:

A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion.

*Swords v. Harleysville Ins. Companies*, 883 A.2d 562, 566–67 (Pa. 2005) (citations omitted). *See also* Pa.R.C.P. 1035.2.

Once a summary judgment motion is filed, the non-moving party (here, Appellant) bears the burden of proving that there is a genuine issue of material fact precluding summary judgment. Where the non-moving party bears the burden of proof on an issue, he or she may not merely rely on his pleadings or answers but rather must set forth specific facts demonstrating a genuine issue of fact. *See Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014); Pa.R.C.P. 1035.3. "Failure of

- 5 -

a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof ... establishes the entitlement of the moving party to judgment as a matter of law." ***Young v. Commonwealth Dep't of Transportation***, 744 A.2d 1276, 1277 (Pa. 2000).

The trial court here correctly observed that Appellant's four-line Complaint "was procedurally and substantively flawed," and that his responses to Appellee's discovery requests "were similarly insufficient under the law and the applicable Pennsylvania Rules of Civil Procedure [such that Appellant] failed to supply a sufficient factual basis to support his claims." Trial Court Opinion, dated 3/8/14, at 1 - 2. Moreover, our review of the record supports the trial court's conclusion that Appellant had failed to provide any evidence in the form of affidavits or exhibits which would provide the requisite *prima facie* evidentiary basis necessary to survive summary judgment. Because Appellant failed supply the necessary evidentiary support, we conclude that the trial court did not abuse its discretion or err as a matter of law in granting Appellee's motion for summary judgment.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/9/2015