592 A.2d 116

**Millie TENNIS, as Parent and Natural Guardian of Joseph Garvey, a Minor and Individually, and Frank H. Tennis, Individually, Appellants,**

v.

**Virginia Lee FEDORWICZ, Old Lycoming Township and Commonwealth of Pennsylvania, Department of Transportation, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 1990.

Decided March 28, 1991.

Designated as Opinion to be Reported May 30, 1991.

John R. Bonner, Williamsport, for appellants.

James J. Dodd-o, Harrisburg, and Leroy H. Keiler, for appellees.

Before PALLADINO and KELLEY, JJ., and CRUMLISH, Jr., Senior Judge.

## OPINION

CRUMLISH, Jr., Senior Judge.

Frank Tennis, individually, and Millie Tennis, individually and as parent and natural guardian of Joseph Garvey, appeal a common pleas court order dismissing their post-trial motions and entering judgment in favor of the defendants, Commonwealth, Department of Transportation (Department) and Virginia Fedorwicz. We affirm.

Garvey, while operating a vehicle owned by Frank Tennis, was involved in an accident with a vehicle operated by Virginia Fedorwicz. Garvey was on a state road heading west. Fedorwicz was preparing to turn left onto the state road from the southbound lane of a township road. Fedorwicz testified that, due to a hillside obstruction she crept slowly onto the highway and backed up when she sighted Garvey's car. Garvey testified that he swerved to avoid Fedorwicz' car and slid into a ditch.

Tennis brought suit against Fedorwicz, alleging negligence, and against Old Lycoming Township and the Department alleging that the highway was negligently designed.[1]

The Department moved for summary judgment, contending that expert testimony was needed to prove negligent highway design. The trial court deferred its ruling on this issue until the conclusion of the plaintiffs' case, at which time the Department's motion was granted.[2] Subsequently, the jury found Fedorwicz not negligent.

1. Prior to trial, Old Lycoming Township was dismissed as a party.
2. There is some confusion as to whether the court granted the Department's summary judgment motion rather than granting an oral mo-

■ Tennis appeals both the grant of summary judgment and finding that Fedorwicz was not negligent. Tennis argues that expert testimony is not needed, due to the jury's ability to comprehend the question of whether negligent highway design caused inadequate visibility. We disagree.

Generally, expert testimony is necessary to establish negligent practice in any profession. *Powell v. Risser*, 375 Pa. 60, 99 A.2d 454 (1953). In *Storm v. Golden*, 371 Pa.Super. 368, 538 A.2d 61 (1988), the Superior Court held that expert testimony is necessary whenever the subject matter of the inquiry involves special skills and training not common to the lay person.

The trial court concluded that there were too many factors for lay persons to make a reasoned decision regarding the safety of the intersection. Among the variables the court cited were the curves and grade of the road, the angle at which the roads intersect, safe stopping distance, material composition of the roadway and the effect of the hillside upon the line of sight for both vehicles. We agree that the testimony of an expert is indispensable for proving that the road was negligently designed.

■ Tennis also argues that the trial court inconsistently required an expert to prove negligent design, while at the same time allowing Fedorwicz to defend on the basis that her view was obstructed.

However, Fedorwicz need not have established that the road was negligently designed in order to defend herself. She merely gave testimony concerning her actions and her level of care. The jury's finding that she was not negligent is supported by the record, and we are not at liberty to disturb it.

Accordingly, we affirm the trial court's order.

tion for nonsuit. In any event, the court, in its opinion, considered that it was granting summary judgment and the appellants assign no error of procedure to the court's designation of the motion it granted as one of summary judgment.

## ORDER

The Lycoming County Common Pleas Court judgment, dated April 24, 1990, reducing to judgment the order of April 8, 1990, at No. 89–00192, is hereby affirmed.