603 A.2d 241

**UNDERWRITERS AT LLOYDS LONDON, American Motorists Insurance Company, Bercanus Insurance Company, Ltd., Guaranty National Insurance Company and Northbrook Excess and Surplus Insurance Company, Appellants,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 20, 1991.

Decided Jan. 28, 1992.

---

Joseph F. Leeson, for appellants.

William A. Slotter, Sr. Deputy Atty. Gen., for appellee.

Before CRAIG, President Judge, KELLEY, J., and LORD, Senior Judge.

LORD, Senior Judge.

This is an appeal by Underwriters at Lloyds et al. (Lloyds) from a summary judgment entered in favor of the Common-

wealth Department of Transportation (DOT) by the common pleas court.

The case arises out of an accident which occurred on August 6, 1978, on Route 22 in Lehigh County. The driver of an empty tractor trailer was proceeding westbound in a heavy rain when he skidded through the center medial barrier into the eastbound lanes and collided head on with a camper pick-up truck. All of the occupants of the camper were killed.

A number of lawsuits were filed in the federal court and settled. Among the defendants in those lawsuits were the owner and operator of the tractor trailer, another tractor trailer which blocked the highway, and the manufacturer of the air brakes on the skidding trailer. The Commonwealth was not a party to these lawsuits.

The cases were settled for $775,000.00 and the insurer of the various defendants now seeks contribution under the Uniform Contribution Among Tort-Feasors Act, 42 Pa.C.S. §§ 8321–8327.

■ Lloyds alleges in its complaint that the negligence of DOT consisted of the following:

(a) failing to keep Route 22 in a reasonably safe condition for motor vehicle operators;

(b) failing to properly design, construct, inspect, maintain and keep safe the aforesaid highway, which resulted in a dangerous condition and a hazard to the movement of vehicular traffic;

(c) failing to discover and remedy the flow of rain water across the westbound lanes of the highway where the Solem Industries tractor trailer initially lost control;

(d) failing to properly maintain the median and shoulder areas of the highway;

(e) failing to place adequate warning signs along the highway and failing to warn motorists of the eroded surface of the highway and dangers of accumulated rain water on said eroded surface;

(f) failing to place adequate medial barriers sufficient to retain passenger cars and other vehicles under typical impact conditions;

(g) allowing the grooving which had previously existed on the surface of the road to erode and failure to remedy this dangerous condition and to warn motorists of the eroded surface when they knew or should have known this condition existed;

(h) failing to remedy the abnormally low skid resistance of the pavement in wet weather when they knew or should have known of such;

(i) failing to comply with State and Federal regulations and statutes pertaining to highway construction and maintenance;

(j) failure to exercise due care and regard for motor vehicle operators using the highway.

■ The trial court on October 24, 1990 granted the motion for summary judgment, understandably relying on this Court's decision in *Crowell v. City of Philadelphia*, 131 Pa.Commonwealth Ct. 418, 570 A.2d 626 (1990) and especially the language in *Crowell* from which it concluded "that if an accident involves the concurrent negligence of a local governmental agency and a third party, the governmental agency is immune." *American Motorists Insurance Company v. Department of Transportation*, (No. 80–C–2571, filed February 20, 1991), slip op. at 9. The trial court held there was no distinction between a local agency and the Commonwealth.

However, this Court in a later en banc decision *Buschman v. Druck*, 139 Pa.Commonwealth Ct. 182, 590 A.2d 53 (1991) held that "*Crowell* erred when it suggested that joint tortfeasor liability was no longer available against a governmental unit." *Id.*, 139 Pa.Commonwealth Ct. at 187, 590 A.2d at 55. *Buschman* was again a case in which the trial court granted a summary judgment.

In this case, DOT argues that despite *Buschman*, this court should uphold the grant of summary judgment. It

points to the fact that the tractor trailer had a malfunctioning braking system and urges upon this court that the braking system was an intervening or superseding cause.

It may well be that after a trial of the issues in this case or even after a verdict, the trial court can correctly find under the circumstances that there is a lack of evidence of either the existence of a duty on DOT's part or that the evidence on causation is insufficient to find reasonably that DOT is liable. *Burton v. Terry*, 140 Pa.Commonwealth Ct. 336, 592 A.2d 1380 (1991). However, that is not the case where we undertake to review the grant of a motion for summary judgment when Lloyds has been precluded from supporting its allegations of negligence.

We are mindful that summary judgment may only be granted where there is no genuine issue of material fact and the moving party has established entitlement to judgment as a matter of law, *Kuehner v. Parsons*, 107 Pa.Commonwealth Ct. 61, 527 A.2d 627 (1987). Here, Lloyds' complaint contains allegations of DOT's negligence creating a dangerous condition of a highway under its jurisdiction, which allegations, if proved, could render DOT liable under the exceptions to sovereign immunity enumerated in the Judicial Code, 42 Pa.C.S. § 8522. Because *Buschman* recognizes that a governmental unit may indeed be jointly liable, the defendant is not entitled to judgment as a matter of law.

Accordingly, we must reverse the common pleas court.

## ORDER

AND NOW, this 28th day of January, 1992, the order of the Common Pleas Court of Lehigh County dated February 20, 1991, at No. 80–C–2571, is hereby reversed and remanded.

Jurisdiction relinquished.