**Doris YOUNG and Diane Lynch, Administratrix of the Estate of Charles Young, Appellants,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANS- PORTATION**

**v.**

**DRISCOLL CONSTRUCTION CO., INC.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1998.

Decided June 11, 1998.

**476** ■

Joseph J. Schafle, Jr., Philadelphia, for appellants.

James L. McKenna, Cherry Hill, NJ, for appellee, Driscoll Const.

Before SMITH and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

Doris Young and Diane Lynch, Administratrix for the estate of Charles Young, deceased, (Appellants) appeal from an order of the Philadelphia County Court of Common Pleas (trial court) granting the Department of Transportation's (DOT) motion for summary judgment because Appellants failed to produce an expert witness. We reverse the trial court and remand for further proceedings.

The undisputed facts of record are as follows. On September 28, 1989, Charles Young and his wife Doris Young were traveling on Interstate 95 when they were involved in a one vehicle accident. The Youngs had entered I–95 from the Walt Whitman Bridge and had just passed the Tasker Avenue off ramp when they were confronted by stopped traffic in all four lanes of I–95. Charles Young, in an attempt to avoid colliding with the stopped traffic, slammed on the brakes, lost control of his vehicle and struck the center median of I–95. As a result of this accident, Charles Young ultimately died and Doris Young was seriously injured.

I–95 is a state designated highway in the City of Philadelphia. About three miles north of the accident site, construction was taking place on I–95. There were no warning signs at the site of the traffic backup accident indicating any upcoming construction.

This action was commenced on September 26, 1991, in the Court of Common Pleas of Philadelphia County. Appellant Doris Young filed a complaint and Appellant Diane Lynch, Administratrix of the estate of Charles Young filed a separate action. The two actions were consolidated under one caption.

In a settlement conference on November 26, 1996, DOT filed a motion to dismiss because Appellants had not provided expert testimony regarding the failure to post warning signs.[1] After two days of argument, the trial court indicated that it intended to grant DOT's motion and on March 13, 1997, the trial judge issued an opinion and order granting DOT's motion for summary judgment. Appellants' appeal followed.

Appellants raise two issues, whether the trial court properly concluded that expert testimony concerning placement of warning signs was necessary and properly granted DOT's motion for summary judgment because Appellants had not provided expert testimony, and whether DOT should be granted summary judgment on the basis of sovereign immunity.

■ Our review in a case where we are examining a trial court's order granting a motion for summary judgment, is limited to determining whether there has been an error of law or manifest abuse of discretion. *Gilson v. Doe*, 143 Pa.Cmwlth. 591, 600 A.2d 267 (Pa.Cmwlth.1991). Granting of summary judgment is proper where the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Albright v. Abington Memorial Hospital*, 548 Pa. 268, 279, 696 A.2d 1159, 1165 (1997). The record is to be viewed in the light most favorable to the non-moving party, and all doubts as to the presence of a genuine issue

---

1. The trial court treated this as a motion for summary judgment and the parties have not objected to this treatment. Therefore, we will also treat the motion as a motion for summary judgment. The motion to dismiss also raised the issue of sovereign immunity, which the trial court did not reach because it resolved the matter on the expert witness issue. The issue of sovereign immunity will be addressed later in the opinion.

of material fact must be resolved against the moving party. *Id.*

■ This appeal requires us to determine whether expert testimony concerning the lack of placement of warning signs within three miles of a construction zone, where traffic is backed up due to the construction, is or is not necessary. The Appellants argue that expert testimony is not necessary, that the knowledge concerning such lack of sign placement at the accident site is within a lay person's everyday experience and need not be explained by expert testimony. DOT argues that expert testimony is necessary because the subject matter involves special skills and training not common to the lay person.

Appellants argue that the trial court erroneously relied upon *Tennis v. Fedorwicz*, 140 Pa.Cmwlth. 7, 592 A.2d 116 (1991), for the proposition that an expert is required to sustain their cause of action. Appellants' cause of action alleges that DOT was negligent in failing to place warning signs at the site of the traffic backup. In *Tennis* we recognized that generally, expert testimony is necessary to establish negligent practice in any profession, and that expert testimony is necessary whenever the subject matter of the inquiry involves special skills and training not common to the lay person. *Id.* 592 A.2d at 117. *Tennis* held that, where a plaintiff alleges negligent highway design, there are too many variables for lay persons to make a reasoned decision regarding the safety of that intersection and an expert is required. Among the variables enumerated were such engineering components as "the curves and grade of the road, the angle at which the roads intersected, safe stopping distance, material composition of the roadway and the effect of the hillside upon the line of sight for both vehicles." *Id.* Appellants contend that the expert testimony necessary in *Tennis* is not necessary in this case and distinguish *Tennis* from this case by asserting that their claim does not involve highway design, but involves DOT's admitted failure to post any warning signs at the site of the traffic back-up.

We agree with Appellants that the claim in *Tennis* is not analogous to the instant case.

Although both involved accidents, the *Tennis* case involved engineering aspects of an entire highway design and this case involves a simple decision about the necessity of posting signs warning of a construction area ahead which caused traffic to back up. This decision does not require special knowledge or skills, but only common sense and is within the knowledge and experience of most lay persons.

This case is analogous to *Merling v. Department of Transportation*, 79 Pa.Cmwlth. 121, 468 A.2d 894 (1983). We held in *Merling* that "matters within a lay person's everyday experience are not required to be explained by expert testimony" and stated that "[if] all the primary facts can be accurately described to a jury and if the jury is as capable of comprehending and understanding such facts and drawing correct conclusions from them as are witnesses possessed of special training, experience and observation, then there is no need for the testimony of an expert", citing *Reardon v. Meehan*, 424 Pa. 460, 465, 227 A.2d 667, 670 (1967).

*Merling* was injured when, in attempting to avoid a collision with a disabled truck stopped in his lane of traffic, he drove his vehicle onto the berm of the road and the berm gave way and his vehicle fell into a ditch. DOT argued that lay evidence as to the condition of the berm and guardrails should be excluded because the matter of the proper maintenance of the berm and guardrails was one beyond the knowledge and competence for the jurors as lay persons to determine and that expert engineering evidence was required. We concluded that lay evidence concerning the condition of the berm and the guardrail along with photographs of the accident site was sufficient, stating that "[w]orn shoulders and collapsed guardrails are not strangers to users of the public roads and jurors are perfectly capable of drawing conclusions from such conditions." *Merling*, 468 A.2d at 896.

Where in *Merling* we concluded that worn shoulders and collapsed guardrails are not strangers to users of public the roads, traffic backups due to construction are also not strangers to users of the public roads. Jurors should be capable of drawing conclu-

sions from such conditions and expert testimony concerning the situation is not necessary. Accordingly, the trial court erred as a matter of law in concluding that expert testimony was necessary and granting summary judgment on that basis.

Because we have concluded that an expert witness is not necessary and summary judgment was improper for that reason, we must now examine DOT's request for summary judgment based on sovereign immunity.[2]

■ Pursuant to Section 8522 of the Judicial Code, in order for a plaintiff to maintain an action against a Commonwealth party for damages arising out of a negligent act, the plaintiff must show that (1) the damages would be recoverable under the common law or under a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity, and (2) that the injury falls within one of the exceptions to sovereign immunity. *Fidanza v. Department of Transportation*, 655 A.2d 1076 (Pa.Cmwlth.1995).

Appellants allege that DOT was negligent in failing to place warning signs indicating traffic backups due to construction, thereby creating a dangerous condition. As in this case, the most frequent common law cause of action brought against a governmental party is negligence, and is established by meeting the following elements: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure on the ac-

tor's part to conform to the standard required; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. *Fidanza*, 655 A.2d at 1078.

■ Our Supreme Court held in *Bendas v. Township of White Deer*, 531 Pa. 180, 611 A.2d 1184 (1992), citing *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989), that the "duty of care a Commonwealth agency owes to those using its real estate, (sic) is such as to require that the condition of the property is safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used." *Bendas* further held that the Commonwealth does have a duty to make its highways reasonably safe for their intended use. Since there is a duty or obligation recognized by law and the Appellants could possibly establish the remaining three elements at trial, Appellants could maintain a cause of action at common law against DOT.[3]

Since Appellants could maintain an action at common law they have met the first of the two requirements set forth in Section 8522. Therefore, we must determine whether the injuries fall within one of the exceptions to sovereign immunity.

Appellants argue that the appropriate section in this case is Section 8522(b)(4) which deals with dangerous conditions of highways under the jurisdiction of the Commonwealth.[4] When a dangerous condition of a highway causes an injury, sovereign immunity will be waived.[5]

---

**2.** The Judicial Code, 42 Pa.C.S. §§ 8541–8564.

**3.** We will not address whether Appellants would have a cause of action against DOT for violation of any statutory duty, since DOT has a duty as cited above to make its highways reasonably safe for their intended use.

**4.** § 8522(b)(4) provides in pertinent part:

(4) Commonwealth real estate, highways and sidewalks.—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth–owned real property, leaseholds in the possession of the a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and **highways under the jurisdiction of a Common-**

wealth agency, except conditions described in paragraph (5).(emphasis added).

Paragraph (5) addresses potholes and other dangerous conditions created by potholes or other similar conditions created by natural elements.

**5.** We agree that Section 8522(b)(4) is the appropriate Section in this case. In other cases involving dangerous conditions of highways this section was utilized. For example, *see McCalla v. Mura*, 538 Pa. 527, 649 A.2d 646 (1994), (appellant alleged DOT failed to erect traffic control devices); *Bendas*, 531 Pa. at 181, 611 A.2d at 1185, (appellant alleged DOT failed to erect traffic control devices or other signs or warning to alleviate a dangerous condition); and *Underwriters at Lloyds London v. Department of Transportation*, 145 Pa.Cmwlth. 268, 603 A.2d 241 (1992),

In *Bendas,* 531 Pa. at 180, 611 A.2d at 1184, our Supreme Court held that what constitutes a dangerous condition is one of fact and should be left for the jury to decide. Here, Appellants allege that DOT's negligence, i.e. its failure to place warning signs, created a dangerous condition of a highway under its jurisdiction. This is a question of fact to be decided by a jury. Since the Commonwealth does have a duty to make its highways reasonably safe for their intended purpose, and because the factfinder is to determine whether the conditions alleged by Appellants are dangerous, a grant of summary judgment would not be appropriate.

In light of the above discussion, we reverse the trial court's order granting summary judgment and remand for further proceedings because expert testimony is not required to determine if signs were necessary at the site of the accident to warn of traffic backup due to construction ahead, and the question of what is or is not a dangerous condition must be answered by the jury.

### ORDER

AND NOW, this 11th day of June, 1998, the order of the Philadelphia County Court of Common Pleas dated March 3, 1997, and docketed on March 7, 1997, at Nos. 4306 and 4307 is reversed and the case remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

(appellant alleged that DOT failed to maintain median and place adequate warning signs to warn of eroded surface).