744 A.2d 1276

**Doris YOUNG and Diane Lynch, Administratrix of the Estate of Charles Young, Deceased, Appellee,**

v.

**COMMONWEALTH of Pennsylvania DEPARTMENT OF TRANSPORTATION, Appellant,**

v.

**Driscoll Construction Company, Inc. Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1999.

Decided Jan. 20, 2000.

374

---

James L. McKenna, Arnold E. Capriotti, Jr., Cherry Hill, NJ, for Driscoll Const. Co., Inc.

Joseph J. Schafle, Jr., Philadelphia, Evan M. Levow, Cherry Hill, NJ, for D. Young and D. Lynch in No. 7 E.D. Appeal Docket 1999.

Allan E. Ells, Philadelphia, John G. Knorr, III, Harrisburg, for PennDOT.

Joseph J. Schafle, Jr., Philadelphia, for D. Lynch in No. 8 E.D. Appeal Docket 1999.

Evan M. Levow, Cherry Hill, NJ, for D. Young in No. 8 E.D. Appeal Docket 1999.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

ZAPPALA, Justice.

We granted allocatur in this case to determine whether expert testimony is necessary to ascertain if warning signs should be placed three miles away from a construction site on an interstate highway. This is an appeal taken from the order of the Commonwealth Court, which reversed the common pleas court's grant of summary judgment for the Appellants. For the reasons that follow, we vacate the order of the Commonwealth Court, and reinstate the order of the common pleas court.

On September 28, 1989, Charles Young and his wife Doris Young, were traveling on Interstate 95 when they encountered standing traffic in all four lanes of the highway. Charles Young applied his brakes in an effort to avoid the stopped traffic, but lost control of his vehicle and struck the center median of the interstate. Charles Young died due to the accident, and his wife suffered serious permanent injuries. The traffic backup was the result of road construction on the interstate approximately three miles ahead of where the accident occurred.

Summary judgment is properly granted when, "an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action ... which in a jury trial would require the issues to be submitted to a jury." Pa.R.Civ.P. 1035.2. The explanatory comment to Rule 1035 clarifies this language, stating, "[t]he essence of the revision set forth in new Rule 1035.2 is that the motion for summary judgment encompasses two concepts: (1) the absence of a dispute as to any material fact and (2) the absence

of evidence sufficient to permit a jury to find a fact essential to the cause of action or defense." See also *Godlewski v. Pars Mfg. Co.*, 408 Pa.Super. 425, 597 A.2d 106 (1991).

 In summary judgment cases, review of the record must be conducted in the light most favorable to the non-moving party, and all doubts regarding the existence of a genuine issue of material fact must be resolved against the moving party. *Ertel v. Patriot–News Co.*, 544 Pa. 93, 674 A.2d 1038, 1041 (1996). Failure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict in its favor establishes the entitlement of the moving party to judgment as a matter of law. *Id.* at 1042. A jury can not be allowed to reach a verdict merely on the basis of speculation or conjecture. *Morena v. South Hills Health System*, 501 Pa. 634, 462 A.2d 680 (1983).

This Court has long held that the existence of tragic circumstances alone does not impart liability.

The mere happening of an accident is not evidence of negligence. Plaintiff must prove by a fair preponderance of the evidence that the defendant was negligent and that his negligence was the proximate cause of the accident. Negligence is the want of due care which a reasonable man would exercise under the circumstances. Conduct is negligent only if the harmful consequences thereof could reasonably have been foreseen and prevented by the exercise of reasonable care.

*Gift v. Palmer*, 392 Pa. 628, 141 A.2d 408, 409 (1958). See also *Fennell v. Nationwide Mutual Fire Insurance*, 412 Pa.Super. 534, 603 A.2d 1064, 1066–67 (1992); and *Smith v. Commonwealth of Pennsylvania, Department of Transportation*, 700 A.2d 587, 589 n. 4 (Pa.Cmwlth.1997).

 Expert testimony is often employed to help jurors understand issues and evidence which is outside of the average juror's normal realm of experience. We have stated that,

[t]he employment of testimony of an expert rises from necessity, a necessity born of the fact that the subject

matter of the inquiry is one involving special skill and training beyond the ken of the ordinary layman.

*Reardon v. Meehan,* 424 Pa. 460, 227 A.2d 667, 670 (1967). Conversely,

[I]f all the primary facts can be accurately described to a jury and if the jury is as capable of comprehending and understanding such facts and drawing correct conclusions from them as are witnesses possessed of special training, experience or observation, then there is no need for the testimony of an expert.

*Id.* Numerous cases have expounded on when expert testimony is indispensable. See *Powell v. Risser,* 375 Pa. 60, 99 A.2d 454 (1953)(holding that expert testimony is needed to show a deviation from proper and accepted medical practice); *Tennis v. Fedorwicz,* 140 Pa.Cmwlth. 7, 592 A.2d 116 (1991)(holding that expert testimony is necessary to prove negligent design); and *Storm v. Golden,* 371 Pa.Super. 368, 538 A.2d 61 (1988)(holding that an expert must define what constitutes reasonable degree of care and skill related to legal practice).

In the present case, the common pleas court found that Appellees failed to define Appellants' negligence in not placing signs more than three miles away from a construction site. It further concluded that Appellees failed to establish a causal nexus between the failure to place warning signs several miles down the highway and the accident itself.

The Commonwealth Court disagreed with the common pleas court. It relied upon *Merling v. Department of Transportation,* 79 Pa.Cmwlth. 121, 468 A.2d 894 (1983), where that court found that a lay witness could testify to the dilapidated condition of a particular road at the time of an accident. In the present case, Commonwealth Court found that, "traffic backups due to construction are also not strangers to users of the public roads." *Young v. Commonwealth Department of Transportation,* 714 A.2d 475, 477 (Pa.Cmwlth.1998).

Certainly it is true that users of public roads are familiar with traffic backups. Thus, every driver within the Commonwealth is qualified to testify regarding his or her experiences

in a traffic backup. Similarly, the drivers and passengers ensnarled in the particular traffic jam in question are certainly qualified to testify that there was such a back up on that date at that time. We do not agree, however, that lay witnesses are able to impart sufficient knowledge to jurors regarding the many variables which are required to establish the existence of a legal duty to place signs over three miles away from a construction zone.

In efforts to keep both highway workers and the traveling public safe, it is important to establish the proper warnings, at the proper distances. The Commonwealth's regulations on sign placement clearly reflect the tension between having too few and too many warning signs.

> Warning signs are used when it is deemed necessary to warn the motorist of existing or potentially hazardous conditions on or adjacent to a highway or street. Warning signs require caution on the part of the motorist and may require a reduction in speed or a maneuver in the interest of his own safety and that of other motorists and pedestrians. Adequate warnings are of great assistance to the motorist and are valuable in safeguarding and expediting traffic. The use of warning signs should be kept to a minimum, however, because the unnecessary use of them to warn of conditions which are apparent tends to breed disrespect for all signs.

67 Pa.Code. § 211.391. The regulations also state that "[t]he actual advance warning distance shall be determined by two factors, the prevailing speed and the prevailing condition. These bear respectively on the time available to the motorist to comprehend and react to the message, and time needed by him to perform any necessary maneuver." 67 Pa.Code § 211.392(c).

We also disagree with Appellees position that the absence of signs was negligence *per se*. Appellees argue that 67 Pa.Code § 203.43 imposes a duty upon Appellants as a matter of law. The relevant parts of this provision do not support Appellees argument however.

(a) *Function of warning signs.* Warning signs are used to notify drivers of unusual conditions or potential hazards associated with work zones. Drivers should be properly alerted to unusual conditions and potential hazards in sufficient time to adjust their speed and driving practices to the impending conditions.

\* \* \*

(6) Advance warning signs should be erected on ramps and intersecting highways leading directly into the work zone.

(7) The location of advance warning signs for long-term operations shall comply with Table 2[1] except as follows:

(i) On high volume highways where the slowing or queuing of vehicles is anticipated to occur in advance of the location of the first sign in Table 2, additional advance warning signs should be installed.

67 Pa.Code § 203.43. As the code does not provide more guidance for where these additional warning signs should be placed, we can not agree with Appellees that the regulations create a *per se* duty upon Appellants to place warning signs more than three miles in advance of a construction zone.

Appellees are unable to show that Appellants owed a *per se* duty to warn of standing traffic miles in advance of the construction zone. Nor have Appellees offered any expert testimony or evidence which would show that Appellants owed a duty, breached that duty, or were causally responsible for the accident. We therefore hold that the common pleas court properly granted summary judgment in favor of the Appellants.

The Order of the Commonwealth Court is reversed and the judgment of the common pleas court is reinstated.

Justice NIGRO files a Dissenting Opinion.

1. 67 Pa.Code § 203.43 Table 2 provides that signs should be placed one mile in advance of construction where the work is on the highway itself and the expected speed of traffic is 50 or 55 miles per hour.

**NIGRO, Justice, dissenting.**

I respectfully dissent, as the record does not support that Appellants Commonwealth of Pennsylvania Department of Transportation (PennDOT) and Driscoll Construction Company, Inc. complied with even the minimal mandates attendant to placement of warning signs approaching work zones. Pursuant to § 203.43(a) of the Pennsylvania Code, PennDOT and Driscoll had a statutory duty to erect and maintain warning signs in order to alert drivers of unusual road conditions occasioned by work zones.[1] Furthermore, § 203.43(b)(7) provides that there shall be warning signs at least one mile in advance of a work zone located on a road where the posted speed limit is 50 to 55 miles per hour.[2] Moreover, § 203.43(b)(7)(i) further provides that whenever a work zone is anticipated to cause slowing or queuing of vehicles in advance of the one-mile sign, additional advance warning signs should be installed.[3]

I find that the record does not support the proposition that Appellants complied with these statutes and therefore I would find that they were negligent per se. As such, even absent expert testimony, this matter should have been permitted to proceed to trial for a determination as to whether PennDOT's and Driscoll's negligence was a substantial factor in bringing about the Youngs' accident.

1. § 203.43(a) states:
 Function of warning signs. Warning signs are used to notify drivers of unusual conditions or potential hazards associated with work zones. Drivers should be properly alerted of unusual conditions and potential hazards in sufficient time to adjust their speed and driving practices to the impending conditions.
 67 Pa.Code § 203.43(a).

2. "(7) Location of advance warning signs for long term operations shall comply with Table 2 [providing for warning signs where the normal speed limit on the approach to the work area is 50 or 55 MPH to be placed at 1 mile, ½ mile, 1500 feet, 1000 feet and 500 feet] ..."
 67 Pa.Code § 203.43(b)(7) and Table 2.

3. "(i) On high volume highways where the slowing or queuing of vehicles is anticipated to occur in advance of the location of the [one mile] sign additional advance warning signs should be installed."
 67 Pa.Code § 203.43(b)(7)(i).