GRAY, J.,
Before the court is defendant’s motion for partial summary judgment. Upon review of the motion, briefs and argument, defendant’s motion for partial summary judgment is granted. The court provides the following in support of its decision.
Factual Background
This matter involves a dispute between adjacent *276 landowners about the nature and scope of an easement located on plaintiff’s property. Plaintiff’s tax parcel number 65-001-306 (“Affordable Parcel”) adjoins tax parcel number 65-001-307 (“The Allegheny Parcel”) owned by defendant. The Affordable Parcel extends south to reach Second Street. The Allegheny Parcel only extends about half way to Second Street to Tax Parcel 65-001-309. The easement located on The Affordable Parcel is an “existing passageway” that extends from the Allegheny Parcel to Second Street. The dispute arose from the defendant’s expressed intention to use the easement in one of two ways. The first way would be to use the easement for vehicles to access the rear of The Allegheny Parcel from Second Street. In this scenario, defendant would construct a parking lot in the rear of the Allegheny Parcel on what is now a grassy backyard type area. The second option would be for the defendant to purchase Tax Parcel 65-001-309 and use the easement for vehicles to access parking it would provide on Tax Parcel 65-001-309. Plaintiff contends that the easement does not extend to vehicle traffic and that the easement does not extend to providing access to Parcel 65-001-309.
On September 19, 2013, Affordable Apartments, LLC (“Affordable”) filed a complaint seeking declaratory and injunctive relief. Specifically, Affordable seeks a declaratory judgment to the effect that the easement “does not extend to vehicle traffic across the Affordable Parcel or, in the alternative, does not extend to vehicle traffic for the purpose of accessing Parcel 65-001-309.” See, “wherefore clause,” plaintiff’s complaint, Count 1. In addition, Affordable seeks a preliminary and permanent injunction which would essentially bar the defendant from using the easement for vehicle traffic and enjoining the *277 use of the easement to access Parcel 65-001-309. See, “wherefore clause,” plaintiff’s complaint, Count 2.
By deed dated September 28, 1986, plaintiff’s predecessor in title executed a quit claim deed to defendant’s predecessor in title transferring a right-of-way as follows:
All of the free and uninterrupted use, liberty and privilege of, and passage in and along a certain existing passageway or roadway along the eastern and southern boundaries of land purchased by the grantors herein by deed from the Moriah corp. dated the 2nd day of September 1986 and recorded the 12th day of September 1986 at Lycoming County Deed Book 1164, page 4, which existing road or passageway leads from Second Street property to property now owned by the grantees. See, plaintiff’s complaint, ¶ 7; defendant’s motion for summary judgement, ¶ 8, Ronald Gamer’s Affidavit, ¶ 14. (emphasis added)
Plaintiff contends that the above right-of-way has only ever been used as a right-of way for foot traffic. In his affidavit, plaintiff’s witness and owner of Affordable LLC, Ronald Gamer, avers that the historical use of the right-of-way has only been for pedestrian traffic. Mr. Gamer further avers that the passageway is simply too narrow to permit vehicles to maneuver. Plaintiff asserts that permitting vehicles on the right-of-way would destroy the grassy area and sidewalk, would require relocating guy wire and would create hazards. Plaintiff relies on the expert report of Anthony H. Visco, Jr. dated February 18, 2015.
Plaintiff contends that the purpose of the parties in making the right-of-way was to provide a right-of-way for foot traffic from Second Street, across the Affordable *278 Parcel, to the Allegheny Parcel, similar to the 6 foot right-of-way that exists between the parcels. By contrast, defendant asserts via the affidavit of Richard L. Meek that the purpose was to open up the Allegheny Parcel for motor vehicle access.
Legal Standards
Summary Judgment
Pursuant to Pa. R.C.P. 1035.2, the court may grant summary judgment at the close of the relevant proceedings if there is no genuine issue of material fact or if an adverse party has failed to produce evidence of facts essential to the cause of action or defense. Keystone Freight Corp. v. Stricker, 31 A.3d 967, 971 (Pa. Super. 2011). Anon-moving party to a summary judgment motion cannot rely on its pleadings and answers alone. Pa. R.C.P. 1035.2; 31 A.3d at 971. When deciding a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, with all doubts as to whether a genuine issue of material fact exists being decided in favor of the non-moving party. 31 A.3d at 971. If a non-moving party fails to produce sufficient evidence on an issue on which the party bears the burden of proof, the moving party is entitled to summary judgment as a matter of law. Keystone, 31 A.3d at 971 (citing Young v. Pa. Dep’t of Transp., 744 A.2d 1276, 1277 (Pa. 2000).
Right-of-Way
A right of way is an easement. Lease v. Doll, 403 A.2d 558 (Pa. 1979), citing, Merrill v. Mfgrs. Light and Heat Co., 409 Pa. 68, 185 A.2d 573 (1962). The scope of an express easement must be determined by the intention of the parties. Lease v. Doll, 403 A.2d 558, 561 (Pa. 1979), *279 citing, Sigal v. Mfgrs. Light and Heat Co., 450 Pa. 228, 299 A.2d 646 (1973). See also, McNaughton Props., LP v. Barr, 981 A.2d 222 (Pa. Super. 2009) The intention of the parties is determined by “a fair interpretation and construction of the grant and may be shown by the words employed construed with reference to the attending circumstances known to the parties at the time the grant was made.” [Footnote omitted.]” Lease v. Doll, 403 A.2d 558 (Pa. 1979), citing, Merrill v. Mfgrs. Light and Heat Co., supra, 409 Pa. at 73, 185 A.2d at 575. “[T]the same rules of construction that apply to contracts are applicable in the construction of easement grants.” Lease v. Doll, 403 A.2d 558 (Pa. 1979), citing, Sigal v. Manufacturers Light and Heat Company, 450 Pa. 228, 234, 299 A.2d 646, 649 (1973); Percy A. Brown & Co. v. Raub, 357 Pa. 271, 286, 54 A.2d 35, 43 (1947).
Discussion
Applying these basic legal standards to the present case, the court concludes as a matter of law that the right-of way in the present cases includes use by motor vehicles under a fair interpretation and construction of the employment of the word “roadway” in prescription of the express easement. The court must interpret the plain words and not look to parole evidence so as to construct the intention of the parties. See, e.g., Lease v. Doll, 403 A.2d 558 (Pa. 1979), citing, Sigal v. Manufacturers Light and Heat Company, 450 Pa. 228, 234, 299 A.2d 646, 649 (1973); Percy A. Brown & Co. v. Raub, 357 Pa. 271, 286, 54 A.2d 35, 43 (1947). In the present case, the court concludes the employment of the word “roadway” and “road” requires access by motor vehicles. Since the plain words control, the court does not look to the affidavits and other parole evidence which are in dispute as to the parties intentions *280 at the time of express easement was made.
In opposition to summary judgment, plaintiff asserts that there are factual disputes. The primary factual dispute identified by plaintiff is the intent of the parties when creating an express easement. For reasons stated previously, this court does not believe this factual dispute is material to the construction of the plain terms of the easement. Plaintiff further asserts that the easement was never used for vehicles. However, there has been no argument of abandonment by defendants and in general, an easement is not lost or extinguished by non-use. See, Sobados v. Kiraly, 393 A.2d 486-488 (Pa. Super. 1978).
The court acknowledges the proposition cited by plaintiff that a right-of-way cannot be expanded to unreasonably burden the servient estate. See, plaintiff’s brief at 10, citing Smith v. Fulkroad, 305 Pa. Super. 459, 451 A.2d 738 (1982). The court notes that the motion before the court did not seek summary judgment as to the volume of vehicle use permitted, whether the right-of-way may be used to access Tax Parcel 65-001-309, the width of the right-of-way, or whether a fence may boarder the right-of-way. Such matters are left for trial.
ORDER
And now, this 7th day of April, 2015, it is ordered and directed that defendant’s request for partial summary judgment is granted in part. The right-of-way across the Affordable Parcel to the Alleghany Parcel, described by deed dated September 28,1986, includes access by motor vehicle.