J-A08020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT P. REILLY | : | |
| | : | |
| Appellant | : | No. 825 EDA 2020 |

Appeal from the Order Entered February 6, 2020
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2018-05101

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: APRIL 5, 2021**

Robert P. Reilly (Appellant) appeals from the order granting summary judgment in favor of Appellee, Bank of America, and dismissing Appellant's counterclaim with prejudice.  Upon review, we quash.

Bank of America initiated the underlying action to collect on Appellant's credit card debt in the amount of $20,728.30.  Complaint, 9/4/18, at ¶ 5. Bank of America averred that Appellant opened the account on or about August 27, 1994, and made the most recent payment on September 30, 2016. *Id.* at ¶ 7.  Bank of America filed an amended complaint on November 13, 2018; in addition to adding claims, Bank of America attached relevant cardholder agreements and billing statements.

---

[*] Former Justice specially assigned to the Superior Court.

On April 5, 2019, Appellant filed an answer, new matter and counterclaim, in which he essentially claimed that the credit card agreements were "misleading" and he did not understand them. Bank of America filed a response on April 26, 2019. On November 8, 2019, Bank of America filed a motion for summary judgment, along with a memorandum of law. Appellant then filed his response, and the trial court scheduled oral argument for January 29, 2020. By order entered February 6, 2020, the court granted summary judgment, entered judgment in the amount of $21,031.30, and dismissed Appellant's counterclaim with prejudice. The trial court explained:

> Bank of America filed a complaint and submitted as evidence a credit card agreement and a statement with a balance in [Appellant's] name. [Appellant] has not denied that the statement was his, nor has he demonstrated that the debt does not exist. Therefore, there are no genuine issues of material fact, and it was proper for this court to grant Bank of America's Motion for Summary Judgment.

Trial Court Opinion, 6/23/20, at 3.

Appellant filed this timely appeal, in which he presents the following three issues:

> 1. [Bank of America's] Motion for Summary Judgment addressed [Appellant's] answers to paragraphs of the complaint but [Bank of America] failed to address all the pleadings "as a whole." It was an error of law not to examine all the pleadings "as a whole."
>
> 2. [Appellant's] counterclaim presented fact issues which [Bank of America] never addressed. It was an error of law to grant [Bank of America's] Motion for Summary Judgment and ignore the facts of the counterclaim. "This case is not free from doubt that genuine issue[s] of material fact exist."

3.     The court agreed during oral argument that [Appellant] did not receive proper notice of the conditions in the credit card contract which made the contract unenforceable.  It was an error of law for the [c]ourt not to follow his own statement on what is clear contract law.

Appellant's Brief at 3 (citations omitted).

We begin with established law:

A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion.

*Swords v. Harleysville Ins. Companies*, 883 A.2d 562, 566–67 (Pa. 2005) (citations omitted).

Once a summary judgment motion is filed, the non-moving party has the burden of proving a genuine issue of material fact, and may not rest on his pleadings or answers, but must set forth specific facts demonstrating a genuine issue of fact.  *See Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014); Pa.R.C.P. 1035.3.  "Failure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof ... establishes the entitlement of the moving party to judgment as a matter of law."  *Young v. Commonwealth Dep't of Transportation*, 744 A.2d 1276, 1277 (Pa. 2000).

Turning from the above authority to Appellant's brief, we agree with Bank of America that Appellant's argument is comprised of "conclusory statements, unsupported denials and irrelevant factual and legal background." Bank of America's Brief at 10. Bank of America states:

> Instead of identifying specific disputes as to material fact, [Appellant] attempts to defeat summary judgment by relying on improper general denials not supported by the record. In fact, Appellant's disjointed brief seems to rely solely on his conclusory statement that there was not a valid contract entered between [the parties], despite unequivocally admitting that he was the individual that obtained the [] credit card at issue and used the same credit card for his benefit.

*Id.* at 11. (citation to Appellant's Brief omitted).

Moreover, Appellant has failed to comply with Pa.R.A.P. 2119, which requires that an appellate argument be divided into as many parts as there are questions to be argued, with discussion of each issue, including citation to the record and pertinent legal authority. Appellant presents the three questions quoted above, but fails to divide his argument — which is barely more than a page — into corresponding separate sections. *See* Appellant's Brief at 6-7. Although Appellant cites some case law, it is not helpful, and does not compensate for the deficiency of his argument. Because we are unable to discern a meaningful argument from which to conduct meaningful review, we are constrained to quash. *See* Pa.R.A.P. 2101 ("if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed").

However, we note that in the absence of quashal, we would affirm the

- 4 -

trial court. At argument, Bank of America's counsel stated they had "proven [Appellant] opened up a credit card. He used the credit card, and he also failed to pay the balance, which is $20,728.30." N.T., 1/29/20, at 3. Counsel also stated that the amount "does not include attorney's fees, and it does not include interest from . . . 2016. So it's been interest free[.]" *Id.* In response, Appellant's counsel referenced the "Consumer Act," and stated, "when a consumer is given misleading language, they have a cause of action if they're being sued or they suffer a loss." *Id.* at 4. Although Appellant claims to have been misled by his credit card agreement, a representative from Bank of America "reviewed the records and was able to affirm that there were no billing disputes on the record for this case." *Id.* at 9. Thereafter, the trial court "considered all of the pleadings as well as oral argument when ruling," and, "[u]pon review of the evidence . . . held there was no genuine issue of material fact." Trial Court Opinion, 6/23/20, at 4. The court concluded, "Bank of America established that there was a credit card agreement, that [Appellant] used the credit card, and [Appellant] did not pay." *Id.* at 5.[1]

Appeal quashed. Case stricken from the argue list.

---

[1] To the extent Appellant asserts the trial court agreed Appellant did not receive "proper notice of the conditions in the credit card contract" and the trial court "appeared to support [Appellant's] position," Appellant's Brief at 3, 6, there is no support in the record; the trial court expressed confusion about this issue, stating Appellant "does not identify what type of document was sent without notice" and "without information as to what was sent without notice, the [c]ourt cannot respond[.]" Trial Court Opinion, 6/23/20, at 5.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/5/21