J-A08019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AMERICAN EXPRESS BANK, FSB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT REILLY A/K/A ROBERT P. | : | |
| REILLY | : | |
| | : | No. 2787 EDA 2019 |
| Appellant | : | |

Appeal from the Order Entered August 29, 2019
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2017-02844

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED:  APRIL 19, 2021**

Robert P. Reilly (Appellant) appeals from the order granting summary judgment in favor of Appellee, American Express Bank (American Express) in the amount of $17,437.40.[1]  Upon review, we quash.

American Express initiated the underlying breach of contract action to collect on Appellant's credit card debt in the amount of $17,437.40. Complaint, 4/28/17, at ¶ 6.   American Express averred Appellant "was provided with the terms and conditions" of the credit card agreement, and "accepted the terms and conditions of the account by using the credit extended."  ¶¶ 3, 4.  American Express averred that Appellant "breached the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The order specified the sum "waiv[ed] prejudgment interest and attorney's fees."  Order, 8/29/19.

terms and conditions of the account by failing to pay the balance due and/or make the required monthly payment." *Id.* at ¶ 5.

The parties filed additional pleadings, including preliminary objections by American Express, which the trial court overruled. Order, 10/2/17. On March 15, 2019, American Express filed a motion for summary judgment, along with a memorandum of law. Appellant filed an answer denying American Express's averments. By order dated August 29, 2019 and docketed September 4, 2019, the court granted summary judgment in favor of American Express in the amount of $17,437.40. The trial court stated its decision to grant summary judgment "was based on the entirety of the pleadings and this [c]ourt's determination that there remained no genuine issues of material fact." Trial Court Opinion, 1/21/20, at 4. The court explained:

> In support of its Motion for Summary Judgment, [American Express] attached the affidavit of Richard Kier, an Assistant Custodian of Records for American Express National Bank. The testimony of Kier's affidavit was that the credit card statements attached to [American Express's] Complaint are accurate and an account was opened by [Appellant]. In support of Kier's affidavit, he reviewed the credit card statements of [Appellant], and verified that the allegations in [American Express's] Complaint were accurate and true. Without evidence presented by [Appellant] as to the inaccuracy of the affidavit, no genuine issue of material fact exists and thus the [c]ourt did not err in granting the Motion for Summary Judgment.

*Id.* at 5.

On appeal, Appellant presents the following three issues:

1.      [American Express] failed to file a motion on the sufficiency

of [Appellant's] objections to [American Express's] Requests for Admission. It was an error of law for the court to rule that the motion was optional.

2. The court stated that he read counterclaim [*sic*] and compared it to [American Express's] affidavit. This on its face shows that the lower court was considering a fact issue. It is an error of law to ignore a fact issue.

3. The lower court failed to correctly consider all the pleadings "as a whole." This is an error of law.

Appellant's Brief at 3.

The law regarding summary judgment is well-settled:

A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion.

***Swords v. Harleysville Ins. Companies***, 883 A.2d 562, 566–67 (Pa. 2005) (citations omitted).

The non-moving party has the burden of proving a genuine issue of material fact, and may not simply rely on his pleadings or answers, but must set forth specific facts demonstrating a genuine issue of fact. ***See Bank of America, N.A. v. Gibson***, 102 A.3d 462, 464 (Pa. Super. 2014); Pa.R.C.P. 1035.3. "Failure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof ... establishes the entitlement of the moving party to judgment as a matter of

law." ***Young v. Commonwealth Dep't of Transportation***, 744 A.2d 1276, 1277 (Pa. 2000).

Turning to Appellant's brief, we find his argument undeveloped, and for the most part illogical. The Rules of Appellate Procedure provide:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

Pertinently, Rule 2119 addresses the argument section of an appellate brief as follows:

> **Rule 2119. Argument.**
>
> (a) *General rule.*—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—**the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.**
> (b) *Citations of authorities.*—Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.
> (c) *Reference to record.*—If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (*see* Pa.R.A.P. 2132).
> (d) *Synopsis of evidence.*—When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

Pa.R.A.P. 2119 (emphasis added).

Instantly, Appellant argues his three issues in less than two pages. ***See*** Appellant's Brief at 6-7. Appellant's argument is choppy and disjointed, and consists of unsupported conclusory statements. ***See id.*** Although Appellant cites two cases, they are not helpful. As the defects in Appellant's argument are substantial and preclude meaningful appellate review, we are constrained to quash.

Appeal quashed.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/21

---

[2] We note that in the absence of quashal, we would affirm the trial court because the record supports summary judgment, consistent with Pa.R.C.P. 1035.2, applicable case law, and the trial court's statement that its decision was based on "the pleadings, responses or lack of responses thereto, and all exhibits attached." Trial Court Opinion, 1/21/20, at 6.