J-S04013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOSHUA NINO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| POCONOS PALACE | : | No. 2022 EDA 2024 |

Appeal from the Order Entered June 14, 2024
In the Court of Common Pleas of Monroe County Civil Division at No(s):
002497-CV-2022

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.:               **FILED FEBRUARY 24, 2025**

Appellant, Joshua Nino, appeals *pro se* from the June 14, 2024 order granting summary judgment in favor of Appellee, Poconos Palace.  We affirm.

The trial court summarized the relevant facts of this case as follows.

> [Appellant] and his girlfriend vacationed at the Pocono[s] Palace Resort in Middle Smithfield Township in August[] 2021.  They were in the [j]acuzzi when they observed a brown substance floating on the top of the bubbling water.  They left the hot tub and took a shower to remove the substance.  They [also] scooped a sample of the floating substance from the hot tub to have it examined.  It was later identified as brown fungus.  Pocono[s] Palace employees immediately moved [Appellant] and his girlfriend to another room.  The next morning "they discovered that they contracted a very serious fungus disease to their penis and vagina area [] which impaired their normal sexual function throughout their entire vacation."
>
> [Appellant] went to Pocono Urgent Care on August 20, 2021.  He [was treated by] Kelly Krickus, PA-C, a physician's assistant.

_____

[*] Retired Senior Judge assigned to the Superior Court.

\*\*\*

> Ms. Krickus diagnosed [Appellant] with candidal balanitis.  She discussed his case in her notes [as follows]:
>
> > I also recommended to [Appellant] STD testing but he refused stating[,] "I know what I have and have not done."  He was very argumentative throughout the exam, stating "I have a[] bacterial infection" from the hot tub [at the Poconos Palace] and demand[ed] an antibiotic.  I explained to him that his rash does not appear to be a skin bacterial infection like a pseudomonal infection which contracts from a hot tub-concern for fungal vs. herpes vs. STD.  … I encouraged him that if his rash persist[ed] despite the antifungal treatment to [follow-up] and get STD testing.

Trial Court Order and Opinion, 6/14/24, at \*2-\*3 (unpaginated).

Appellant commenced the instant negligence action by filing a complaint against Poconos Palace on April 27, 2022, and an amended complaint on November 17, 2022.  On December 4, 2023, after the parties engaged in discovery, Poconos Palace filed a motion for summary judgment, arguing that Appellant failed to produce an expert report in support of his negligence claim and, as such, it was entitled to judgment as a matter of law.  In response, Appellant filed a motion to quash Poconos Palace's motion for summary judgment.  On January 4, 2024, the trial court "extended the case management order for discovery to April 1, 2024, to allow for further depositions to be taken; extended the time [for Appellant] to respond to [Poconos Palace's] motion for summary judgment to May 1, 2024; directed [Appellant] to produce his expert reports by May 1, 2024; directed Pocono[s]

Palace to provide any rebuttal to [Appellant's] reports by June 15, 2024, and scheduled the case for trial on September 17, 2024." *Id.* at *4 (unpaginated).

On May 1, 2024, Appellant filed his opposition to Poconos Palace's motion for summary judgment, with reports from Biju Joseph, Ph.D., a molecular biologist. The trial court heard argument on Poconos Palace's motion for summary judgment on May 23, 2024. On June 14, 2024, the trial court granted summary judgment in Poconos Palace's favor. This timely appeal followed.

Appellant raises the following issue on appeal:

> [Whether the trial court erred in granting the Poconos Palace's motion for summary judgment?]

*See generally* Appellant's Brief.[1]

On appeal, Appellant contends that the trial court erred in granting summary judgment in Poconos Palace's favor. "The trial court's entry of summary judgment presents a question of law, and therefore our standard

_____

[1] Appellant's brief fails to strictly comply with several Rules of Appellate Procedure. *See* Pa.R.A.P. 2111(a)-(b). Rule 2101 of the Pennsylvania Rules of Appellate Procedure allow this Court to quash or dismiss an appeal "if the defects [] in [an appellate] brief . . . are substantial." Pa.R.A.P. 2101. This Court may do so even if a litigant is acting *pro se*. *See Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006) (citation omitted) ("While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that [the] appellant is not entitled to any particular advantage because she lacks legal training."). In this instance, however, it is apparent that Appellant is challenging the trial court's order granting summary judgment in favor of Poconos Palace. Thus, Appellant's defective brief has not substantially hampered our review and we will examine Appellant's claims on their merits.

of review is *de novo* and our scope of review is plenary." ***Branton v. Nicholas Meat, LLC***, 159 A.3d 540, 545 (Pa. Super. 2017) (citation omitted). "A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law." ***Yenchi v. Ameriprise Fin., Inc.***, 161 A.3d 811, 818 (Pa. 2017) (citation omitted). "In considering a motion for summary judgment, a court views the evidence in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." ***Green v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n***, 158 A.3d 653, 658 (Pa. Super. 2017) (citation omitted). "When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment." ***Brown v. Everett Cash Mut. Ins. Co.***, 157 A.3d 958, 962 (Pa. Super. 2017) (citation omitted).

This Court previously stated:

> To prove their negligence claim, [p]laintiffs[ ] [are] required to establish: a legally recognized duty or obligation owed them by [defendant]; a breach of that duty; a causal connection between the breach of duty and the resulting injury; and actual loss or damage suffered by plaintiffs. Even with proof of both breach of duty as prescribed under statute and the occurrence of injury, therefore, [plaintiffs are] still obligated to show the two were linked by causation.
>
> To prove causation, a demonstration that the breach of duty was both the proximate cause and actual cause of injury [is] required. It is not sufficient . . . that a negligent act may be viewed, in retrospect, to have been one of the happenings in the series of events leading up to an injury. Even if the requirement of actual causation has been satisfied, there remains the issue of proximate or legal cause[.]

> Proximate causation is defined as a wrongful act which was a substantial factor in bringing about the plaintiffs harm. A determination of proximate or legal causation therefore essentially regards whether the alleged negligence was so remote that as a matter of law, the defendant cannot be held legally responsible for the subsequent harm.

***Krishack v. Milton Hershey Sch.***, 145 A.3d 762, 765–766 (Pa. Super. 2016) (citation omitted).

In some instances, expert testimony is required to support a plaintiff's negligence claim. ***See Young v. Com., Dept. of Transp.***, 744 A.2d 1276, 1279 (Pa. 2000) (holding that the trial court properly granted summary judgment in favor of the appellants because the appellees failed to "offer[] any expert testimony or evidence [to] show that [the a]ppellants owed a duty, breached that duty, or were causally responsible for the accident" in support of their negligence claim). Indeed, this Court previously stated:

> It goes without citation that as a part of a tort action the plaintiff must prove that the injury claimed to have been sustained and for which recovery is sought was caused by the tortious act or force of the tortfeasor. With regard to claims of physical injury or impairment, expert medical testimony is necessary to establish the causal nexus of the injury to the tortious conduct in those cases where the connection is not obvious. This is due to the complicated nature of the medical field which is beyond the knowledge of the average juror.

***Kovalev v. Sowell***, 839 A.2d 359, 368 (Pa. Super. 2003) (citation omitted).

Herein, Appellant claimed that, after he used the jacuzzi at the Poconos Palace, he contracted candidal balanitis, a fungal infection. Undoubtedly, Appellant's alleged injury "would not be readily observable by a jury" and "the connection between [Poconos Palace's] arguably tortious conduct and

[Appellant's] claimed injuries would have been far from obvious." *Id.* Hence, Appellant needed to present a qualified expert to establish that he did, in fact, contract candidal balanitis, and that "the source of the infection was [] the [jacuzzi at the Poconos Palace]." Trial Court Opinion, 6/14/24, at *8. Appellant failed to do so.

As stated above, in response to Poconos Palace's motion for summary judgment, Appellant filed an expert report offered by Biju Joseph, Ph.D. In his expert report, Dr. Joseph opined that Appellant contracted "a fungal infection during his hotel stay" and based this conclusion on the "medical treatment" Appellant received at Pocono Urgent Care on August 20, 2021. Appellant's Memorandum of Law, 5/1/24, at Exhibit M3. Dr. Joseph, however, is not a medical doctor; he is a molecular biologist. Dr. Joseph did not personally treat or otherwise examine Appellant for purposes of identifying the nature or source of his fungal infection. *See* Trial Court Order and Opinion, 6/14/24, at *9. Dr. Joseph also did not conduct "any laboratory analysis of any samples" from the jacuzzi at Pocono Palace. *Id.* Hence, Dr. Joseph cannot opine, to a reasonable degree of scientific or medical certainty, that Appellant did, in fact, contract candidal balanitis from the jacuzzi at Poconos Palace. *See Kovalev*, 839 A.2d at 368 (holding that the trial court correctly concluded that the plaintiff could not maintain a negligence action because the plaintiff failed to present "expert medical testimony" to establish that his "internal injuries," *i.e.*, "trauma to his spine, vertebral disks and nervous system" were caused by the defendant's negligence); *see also Wexler v.*

*Hecht*, 847 A.2d 95, 100 (Pa. Super. 2004), *aff'd*, 928 A.2d 973 (Pa. 2007) (holding that the proffered expert, a podiatrist, was "undoubtedly an expert in the general field of foot surgery" but "lacked the training and experience necessary to opine about the standard of care relevant to an orthopedic surgeon" and, as such, the trial court did not abuse its discretion by excluding the podiatrist's testimony). Hence, Appellant failed to present any "medical evidence offered to a degree of reasonable scientific or medical certainty of what skin condition [he] suffer[ed] from" or "what conditions he encountered in [the jacuzzi at the Poconos Palace]." Trial Court Order and Opinion, 6/14/24, at *10. Of note, Appellant admitted as such in a subsequent filing he submitted to the trial court on July 5, 2024. He stated:

> 1. Omission of Medical Expert Witness:
>
> Upon reviewing [Appellant's] initial motion filed on July 2, 2024, I realized that I inadvertently omitted to mention the involve[ment] of an essential [m]edical [e]xpert [w]itness. This oversight was unintentional, and I now wish to inform this [court] of the third expert witness who will significantly contribute to my case:
>
>> a. Medical Expert: This expert will evaluate and testify regarding the medical diagnosis, treatment and prognosis of the fungal infection [that] I contracted, which will assist in establishing causation and the extent of damages suffered.

Appellant's Supplemental Declaration in Support of Motion for Extension of Time to File a Motion for Reconsideration and Request to Move to Trial, 7/5/24, at *2 (unpaginated). Appellant's follow-up submission falls short of the evidentiary showing needed to withstand summary judgment under

Pennsylvania law. More specifically, to raise triable issues surrounding causation, Appellant needed to identify an expert who, with the relevant education, training, and experience, prepared a report that explained, to a reasonable degree of medical or scientific certainty, that the water in the jacuzzi at the Pocono Palace served as the source of the fungal infection contracted by Appellant. Without a qualified, scientific or medical expert to support his claims, Appellant could not maintain a negligence cause of action against Poconos Palace. Therefore, the trial court properly concluded that Poconos Palace was entitled to judgment as a matter of law and granted its' motion for summary judgment.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/24/2025