J-A02004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GERALDINE SANTANGINI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BHAGVATI KRUPA, INC., T/A SUBWAY | |
| Appellee | No. 522 EDA 2016 |

Appeal from the Order Entered January 12, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): January Term, 2015 No. 67

BEFORE:  OTT, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 28, 2017**

Geraldine Santangini appeals from the order entered on January 12, 2016, in the Court of Common Pleas of Philadelphia County, granting summary judgment in favor of Bhagvati Krupa, Inc., T/A Subway ("Subway").  In this timely appeal, Santangini raises two issues; she claims the trial court erred in (1) failing to examine the evidence in the light most favorable to her as the non-moving party, and (2) determining the alleged defect in the restaurant required expert testimony to prove.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm on the basis of the trial court opinion, dated July 14, 2016.

_____

[*] Former Justice specially assigned to the Superior Court.

The underlying facts of this matter are easily related. On September 20, 2013, at approximately 2:45 p.m., Santangini went to the Subway restaurant located at 106 S. 16th Street, Philadelphia. Complaint, at ¶ 4. The store required a patron to walk up two steps after entering in order to approach the counter, which is located to the left of the entry doors. **See** Photo Exhibits, Deposition of Santangini, 8/31/2015. There is a self-serve soft drink dispenser located at the top of the two steps to the extreme right of the restaurant. **Id**. The photo exhibits demonstrate if a patron walked into the restaurant and straight up the steps, the patron would be at the soft drink dispenser. **Id**. Santangini purchased a sandwich, cookie and a soft drink. N.T. Deposition, 8/31/2015 at 20. She took the cup given to her at the counter to the soft drink dispenser, located near the top of the two steps. **Id**. She filled her cup, turned toward the front doors, took a step and fell down the stairs, breaking her wrist. **Id**., Complaint, at ¶¶ 7, 10. Santangini filed suit against Subway, alleging the store was negligently designed and had failed to give proper warning of the dangerous condition created thereby.

At the close of discovery, Santangini had provided no expert report regarding the existence of an allegedly dangerous condition/negligent design of the restaurant. Subway filed a motion for summary judgment, arguing expert testimony was required to inform the jury of the proper standards regarding such allegations. The trial court agreed and entered the order currently on appeal before this panel.

Our standard of review regarding the grant of summary judgment is well-settled, and is as follows:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Nobles v. Staples, Inc.***, 150 A.3d 110, 120 (Pa. Super. 2016) (citation omitted).

Here, the trial court reviewed the evidence, the complaint and the motion and found that the question of negligent design, from which all claims of injury flowed, required expert testimony. We find no abuse of discretion or error of law in that ruling. In making our determination, we rely upon the sound reasoning of the trial court as found in the Pa.R.A.P. 1925(a) opinion. We note that the trial court did not specifically address Santangini's claim that the evidence was not viewed in the light most favorable to her as the non-moving party. However, because the trial court

correctly determined expert testimony was required to prove Subway's negligence, Santangini's testimony regarding the design of the restaurant alone cannot suffice.

Order affirmed. The parties are directed to attach a copy of the trial court opinion in the event of further proceedings.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/2017

THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| GERALDINE SANTANGINI<br>　　　　　Plaintiff, | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| | : | |
| vs. | : | JANUARY TERM, 2015 |
| | : | NO. 0067 |
| BHAGVATI KRUPA, INC.<br>t/a SUBWAY | : | |
| 　　　　　Defendant. | : | |

## OPINION

**Patrick, J.**　　　　　　　　　　　　　　　　　　**DATE: July 14, 2016**

Plaintiff/Appellant, Geraldine Santangini, filed an appeal from this Court's Order dated January 12, 2016, granting Defendant's Motion for Summary Judgment. This Court now submits the following Opinion in support of its ruling and in accordance with the requirements of Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure. For the reasons set forth below, this Court's decision should be affirmed.

## PROCEDURAL/FACTUAL HISTORY

On September 20, 2013, Plaintiff, Geraldine Santangini, entered the Subway restaurant located at 106 S. 16th Street in Philadelphia. After completing her purchase, Plaintiff walked to the self-serve soda fountain and filled her drink. Plaintiff turned toward the exit door; she was holding a sandwich and cookie in her left hand, a drink in her right hand, and had a handbag over her shoulder. Plaintiff took a step and fell down two steps leading to the exit. Plaintiff sustained injuries as a result of her fall.

Santangini Vs Bhagvati Krupa Inc. T/A Subway-OPFLD



15010006700044

1

On April 23, 2015, Plaintiff filed a Complaint against Defendant Bhagvati Krupa, Inc., t/a

Subway, alleging that the Subway restaurant was defectively designed. Plaintiff contended that

Defendant's negligence and carelessness consisted of:

> (a) Creating a hazardous and dangerous condition by having an unguarded ledge directly next to the self-service beverage;
> (b) Creating an overcrowded condition by improper design or overcrowding equipment into the available areas;
> (c) Failing to warn Plaintiff of the dangerous condition by signs or other safety warnings;
> (d) Failing to protect the Plaintiff and other business invitees by barricades, cones, barriers, retractable belts, stanchion rope, railings, fence and eye-catching paint or other safety devices;
> (e) Creating a large visual wall display consisting of signs attracting the attention of the business invitee Plaintiff diverting their attention from the surrounding areas;
> (f) Allowing the dangerous and unsafe condition to exist during business hours when business invitees would be present;
> (g) Placing a self-service area right next to a steep step drop off;
> (h) Designing the restaurant with a step drop off instead of a ramp or gradual incline;
> (i) Placing equipment in a way to disorient the patron business invitee;
> (j) Failing to keep the premises reasonably safe for use by Plaintiff as a business invitee; and
> (k) Breach of duty of care to Plaintiff, a business invitee.

On October 16, 2015, Defendant filed a Motion for Summary Judgment claiming that the

Plaintiff failed to set forth facts sufficient to impose liability. According to the Defendant, expert

testimony was required to establish that the Subway restaurant was defectively designed. Plaintiff

failed to produce an expert prior to the discovery and expert deadlines set forth in the Case

Management Order. Accordingly, Plaintiff could not make out a prima facie case of negligence

against the Defendant.

On November 18, 2015, Plaintiff filed an Answer to Defendant's Motion for Summary

Judgment. Plaintiff argued that an expert was not necessary to establish negligence. According

to the Plaintiff, "the determination of whether the overcrowding [of] a small service area with

equipment and the placement of a self-service beverage machine directly next to and perpendicular

2

to a steep drop off created a dangerous condition is clearly within the knowledge and common sense of a layperson." Moreover, Plaintiff argued that "[a] jury determination in this case that the machine placement near the two level restaurant signage which drew patrons eyes away from the danger and the unusual diagonal stairway in the small restaurant facility created a dangerous condition would not be mere conjecture on the part of the jury."

On January 12, 2016, this Court granted the Defendant's Motion for Summary Judgment. Plaintiff filed a Notice of Appeal on February 10, 2016. On February 11, 2016, this Court ordered Plaintiff to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Plaintiff filed a timely Statement of Matters Complained of on Appeal on March 2, 2016.

## ISSUES

Plaintiff/Appellant, Geraldine Santangini, raised the following issues in her 1925(b) Statement of Matters Complained of on Appeal:

1. The Court committed error of law and abused its discretion in finding that Plaintiff failed to establish facts sufficient to impose liability in this matter.

2. The Court erred as a matter of law when it granted judgment where the record reveals a genuine issue of material fact as to causation and credibility in this negligence action, issues that should be determined by the jury.

3. The Court committed error of law and abused its discretion in not recognizing a genuine issue of fact existed whether the placement of a self-service beverage machine directly next to a steep drop off was negligent.

4. The Court committed error of law and abused its discretion in determining the issue of negligence and removing it from the province of the jury.

5. The Court erred because the Record (The Complaint, Motion for Summary Judgment, Memo, Answer to Motion and Affidavit of Mrs. Santangini and pictures of the area) reveals many issues that a jury could determine imposes liability on the [D]efendant.

6. The Court erred in not considering the facts contained in the Complaint, Motion, and Affidavit, and pictures, as required by Pa.R.C.P. No. 1035, in the

3

light most favorable to the Plaintiff, the non-moving party who was a Business Invitee entitled to the very highest standard of care from the landowner, under the law.

7. The Court's finding of a lack of factual basis for liability without notice or hearing when the issue before the Court was Defendant's claim that expert opinion was required was contrary to the law and deprived the Plaintiff of Procedural Due Process.

## STANDARD OF REVIEW

The Superior Court of Pennsylvania's scope of review of an order granting summary judgment is plenary. *Petrina v. Allied Glove Corp.*, 46 A.3d 795, 797–798 (Pa.Super.2012). The Superior Court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion.

In reviewing a trial court's grant of summary judgment, the Superior Court applies the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. The Superior Court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party. *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-62 (Pa.Super.2013) (quoting *Murphy v. Duquesne Univ. of the Holy Ghost*, 565 Pa. 571, 777 A.2d 418, 429 (2001)).

4

## DISCUSSION

On appeal, Plaintiff claims that this Court erred in granting the Defendant's Motion for Summary Judgment. Plaintiff's claim must fail. Expert testimony is required to prove Plaintiff's claim that the Subway restaurant was defectively designed. Since Plaintiff failed to produce an expert prior to the discovery and expert deadlines set forth in the Case Management Order, Plaintiff could not establish a prima facie case against the Defendant. Accordingly, summary judgment was proper.

The determination of whether expert evidence is required turns on whether the issue of negligence in the particular case is one which is sufficiently clear so as to be determinable by laypersons or concluded as a matter of law. *Storm v. Golden*, 538 A.2d 61, 64 (1988). "If all the primary facts can be accurately described to a jury and if the jury is as capable of comprehending and understanding such facts and drawing correct conclusions from them as are witnesses possessed of special training, experience or observation, then there is no need for the testimony of an expert." *Reardon v. Meehan*, 424 Pa. 460, 227 A.2d 667, 670 (1967). This is precisely what our Supreme Court found in *McKenzie v. Cost Brothers, Inc.*, 409 A.2d 362 (1979).

In *McKenzie*, a workman at a construction site was installing a 900 pound, precast concrete block, known as a lintel. The workman was unable to complete the installation by the end of the workday on Friday; he intended to complete the installation the following Monday. "The lintel was not left in the flush position, but rather supported by a brick. No mortar was placed to secure the lintel to the brick nor to seal the void between the lintel and the wall." *Id.* at 363-64. Moreover, no warnings were given. *Id.* at 365. On Saturday, the Plaintiff, who was a bricklayer at the construction site, "stepped on the unstable lintel and fell, incurring serious injury." *Id.* at 364. The Supreme Court concluded that expert testimony was not required to establish industry custom.

5

The Court explained: "Nothing complex is involved in the present case. One does not need evidence of industry custom and practice to determine that a properly affixed warning, giving notice of the lintel's unstable condition would have affected the outcome." *Id.* at 366. Since the issue of negligence was clear, expert testimony was not needed.

If, on the other hand, the subject matter of the inquiry is one involving special skills and training not common to the ordinary layperson, expert testimony becomes necessary. *Brandon v. Ryder Truck Rental, Inc.*, 34 A.3d 104, 108 (Pa.Super.2011). Numerous cases have expounded on when expert testimony is indispensable. *Young v. Pennsylvania Dept. of Trans.*, 560 Pa. 373, 744 A.2d 1276 (2000) (citation omitted). In one such case, *Tennis v. Fedorwicz*, 592 A.2d 116 (1991), the Commonwealth Court of Pennsylvania held that expert testimony was necessary to prove negligent design.

In *Tennis*, Plaintiff was injured in a motor vehicle accident. Plaintiff filed suit against Old Lycoming Township and the Department of Transportation ("Department") alleging that the road where the accident occurred was negligently designed. *Id.* at 116. The Department filed a Motion for Summary Judgment, contending that expert testimony was necessary to support Plaintiff's claim. The trial court granted the Department's Motion, concluding that "there were too many factors for lay persons to make a reasoned decision regarding the safety of the intersection." *Id.* at 117. Among the factors the trial court cited were "the curves and grade of the road, the angle at which the roads intersect, safe stopping distance, material composition of the roadway and the effect of the hillside upon the line of sight for both vehicles." *Id.* The Commonwealth Court agreed, finding that the testimony of an expert was indispensable for proving that the road was negligently designed.

6

Similarly, here, expert testimony was indispensable for proving Plaintiff's claims against the Defendant. As mentioned above, Plaintiff claimed, in relevant part, that the Defendant's negligence and carelessness consisted of (1) creating a hazardous and dangerous condition by having an unguarded ledge directly next to the self-service beverage; (2) creating an overcrowded condition by improper design or overcrowding equipment into available areas; (3) placing a self-service area right next to a steep step drop off; (4) designing the restaurant with a step drop off instead of a ramp or gradual incline; and (5) placing equipment in a way to disorient the patron business invitee. Like *Tennis*, too many variables existed for a layperson to make a reasoned decision regarding the safety of the Subway restaurant; thus, explication by an expert is needed. Since Plaintiff failed to produce an expert prior to the discovery and expert deadlines, Plaintiff could not establish that the Subway restaurant was defectively designed. Without establishing that a defect existed, Plaintiff could not prove that Defendant knew of the defect. Accordingly, summary judgment was proper.

## CONCLUSION

For all the foregoing reasons, this Court respectfully requests that its judgment be affirmed in its entirety.

BY THE COURT:

_____
PAULA PATRICK, J.

7